3:26-mj-00038

DISTRICT OF OREGON: ss,    AFFIDAVIT OF KENNETH BAIN

## Affidavit in Support of a Criminal Complaint

I, Kenneth Bain, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.   I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since January 2022. I am currently assigned to the DEA Seattle Field Division (SFD) Portland District Office (PDO). As a Special Agent of the DEA, I have participated in numerous drug investigations as either the lead case agent or as a supporting investigative agent, including in Title III wiretap investigations of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, *et seq*. I have received specialized training from the DEA, to include a 17-week Basic Agent Training course and other training courses. I have been involved in conducting long-term, international, and complex conspiracy investigations. Prior to my assignment to the PDO, I was a sworn law enforcement officer in the state of Florida with the University of Florida Police Department for six years. During that time frame, I was assigned to Patrol for the first four years. For the last two years, I was assigned to the Gainesville DEA office, under the Miami Field Division, as a deputized Task Force Officer. I am familiar with investigations of drug trafficking organizations (hereinafter, "DTOs") including identifying methods of importation and distribution of controlled substances, and how controlled substances are manufactured, consumed, packaged, marketed, smuggled, and distributed. I am also familiar with various tactics used by DTOs to import drugs into the United States, communicate with members of the DTOs, and arrange for transportation and distribution of drugs.

2.   I submit this affidavit in support of a criminal complaint and arrest warrant for **Josue Isai Valdez Raudales**, d.o.b. 5/xx/2000, (hereinafter "**VALDEZ**") for committing the

felony offense of Possession with Intent to Distribute Fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (the Target Offense).

3.  The facts set forth in this affidavit were gained through my personal participation in the investigation as described below; from oral and written reports of other law enforcement officers; and from records, documents and other evidence obtained during this investigation. I have obtained and read official reports prepared by law enforcement officers participating in this investigation and in other related investigations.

## Sources of Information

4.  This investigation involves the use of a Confidential Informant 1 ("CI") who has provided members of Portland Police Bureau's ("PPB") Narcotics and Organized Crime Unit ("NOC") with information regarding locations where dangerous drugs and illegal narcotics, including fentanyl, are kept, used, and sold. The CI also provided information of vehicles that are utilized for transporting illegal narcotics, and persons involved in illegal narcotics trafficking in Portland Metropolitan area. Investigators have verified the information provided by the CI to be accurate. Analysis and review of the CI's phone provided to PPB NOC showed that the CI had purchased controlled substances in the past. Furthermore, it was apparent that the CI is familiar with the way fentanyl is packaged, used, ingested, and sold, to include common weights and cost of powder fentanyl. The CI has previously provided members of PPB NOC with information regarding the unlawful trafficking and distribution of narcotics and dangerous drugs within the Portland, Oregon Metropolitan area on multiple occasions. Based on conversations with PPB Officer William Green, I believe the CI utilized in this investigation to be truthful, accurate, and reliable. The court should be advised that the CI is receiving consideration in exchange for the information provided herein, that may include financial compensation, dismissal or reduction of

pending criminal charges, or an agreement to recommend a reduced sentence regarding a pending criminal case.

## Background of Investigation

5.      In In May of 2025, Homeland Security Investigations, PPB NOC, and the High Intensity Drug Trafficking Area (HIDTA) Interdiction Task Force (HIT) initiated an investigation into a group of suspected fentanyl dealers operating in the greater Portland, Oregon metropolitan area. In January of 2025, as part of this investigation, investigators received information from a confidential informant ("CI") that the user of 971-491-5351 ("Subject Phone-5351") was distributing quantities of fentanyl throughout the greater Portland, Oregon metropolitan area.

6.      During the month of December 2025, the CI was contacted by the user of Subject Phone-5351. Investigators verified that the number in contact with the CI to be Subject Phone-5351 by visual inspection of the CI's phone in person. During the course of a text conversation, the user of Subject Phone-5351 identified themselves as "Kaled" to the CI.

7.      On February 11, 2026, the Honorable Stacie F. Beckerman, United States Magistrate Judge for the District of Oregon, issued a search warrant authorizing the collection of geolocation data for Subject Phone-5351. *See* U.S. District Court case 3:26-mc-00144. Agents served the warrant to the Provider and began receiving responsive data on February 12, 2026.

8.      On February 25, 2026, agents instructed the CI to contact the user of Subject Phone-5351, later identified to be **VALDEZ**, to order one-half ounce of fentanyl powder. **VALDEZ** agreed to the CI and asked where to meet. The CI told **VALDEZ** that he/she would be near Burnside and 60th, which is in Portland, Oregon. **VALDEZ** agreed. At that same time, agents utilized the geolocation data for Subject Phone-5351 and established surveillance at the intersection of SE Ramona Street and SE 74th Ave. Agents observed a blue Honda Civic bearing Oregon

registration 554NQS (hereinafter "HONDA"). Agents observed **VALDEZ** as the sole occupant of the HONDA. Agents had previously utilized the geolocation data for Subject Phone-5351 and observed **VALDEZ** in the HONDA. Agents observed the HONDA leave and travel to the area of NE 63rd Ave and NE Davis Street. After the vehicle parked, the CI received a message from Subject Phone-5351 with the address 224 NE 62nd Ave, Portland, OR and "How long." This address was one block over from where the HONDA was parked. Shortly thereafter, agents drove behind the HONDA and activated red and blue emergency lights to conduct an investigative stop. The HONDA then took off and fled from agents, almost striking a government vehicle in the process. Agents utilized the geolocation data and visual surveillance and located the HONDA in traffic near the intersection of SE Powell and SE 82nd, in Portland, Oregon. Agents activated red and blue lights. Due to construction, the HONDA was not able to flee and agents contacted and removed **VALDEZ** from the HONDA and secured him in handcuffs.

9. Agents conducted a search of the vehicle. In the center console agents located two plastic containers which further contained nine (9) plastic baggies containing white powdery substance. A sample of the substance later field tested presumptive positive for fentanyl, a Schedule II controlled substance. The fentanyl weighed approximately 93.8 grams, to include government packaging. Agents located multiple digital scales, approximately $3,000 in U.S. Currency, and additional drug packaging material within the vehicle. A picture of the seized fentanyl is below:

///

///

///

**Affidavit of Special Agent Kenneth Bain**　　　　　　　　　　　　　　　　　　　　　　　　Page 4



10. A Spanish speaking agent advised **VALDEZ** of his constitutional *Miranda* rights. **VALDEZ** stated that he understood and was willing to answer questions. **VALDEZ** stated that the vehicle was not his but that he drove it and that sometimes another person drove it. He stated that the money was his and that he earned it from driving for Uber. When confronted with the fact that Uber is not a cash business, **VALDEZ** stated that the money came from selling drugs. VALDEZ stated that he gets the drugs from an unknown source of supply.

11. I know that fentanyl is a Schedule II controlled substance and an extremely powerful synthetic opioid that is approximately 100 times more potent than morphine and 50 times more potent than heroin. I know that 2 mg. of fentanyl can be a potentially fatal dose. I know that fentanyl traffickers regularly buy and sell bulk fentanyl powder. I know a typical user of fentanyl will either buy powdered fentanyl or counterfeit M30 pills that they will then burn it on a piece of tin foil and inhale the smoke. Fentanyl users typically possess lighters, pieces of foil, and sometimes straws or small pipes that they have been using to consume the fentanyl. Sometimes a user will simply ingest the pills or inhale the powdered fentanyl. I know that fentanyl addicts on the street do not regularly stockpile large amounts of fentanyl but rather tend to buy a small amount of what they need and then resupply themselves when they run out. I know that a user of powdered

fentanyl will use it in quantities of less than 1/10 of a gram and will regularly buy it in amounts of less than a gram up to two to three grams at a time. I know that dealers of powdered fentanyl will often buy fentanyl in larger quantities and then break off and sell it in smaller qualities, sometimes prepackaging the smaller quantities of fentanyl for sale. I know that a person possessing over 10 grams of fentanyl powder does not possess the powder for personal use but rather such a quantity indicates that it is possessed for purposes of further distribution.

### Conclusion

12.   Based on the foregoing, I have probable cause to believe, and I do believe, that **VALDEZ** has committed the crime of Possession with Intent to Distribute Fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). I therefore request that the Court issue a criminal complaint and arrest warrant for **VALDEZ.**

13.   Prior to being submitted to the Court, this affidavit, the accompanying complaint, and the arrest warrant were all reviewed by Assistant United States Attorney Scott Kerin. AUSA Kerin advised me that in his opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

<u>*By phone pursuant to Fed R. Crim. P. 4.1*</u>
Special Agent Kenneth Bain
Drug Enforcement Administration

Subscribed and sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at  9:50 am   a.m./p.m. on February 26, 2026.

_____
HONORABLE YOULEE YIM YOU
UNITED STATES MAGISTRATE JUDGE